**The ELK HORN COAL CORPORA-TION et al., Appellants,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 12230.**

United States Court of Appeals, Sixth Circuit.

Feb. 15, 1955.

J. W. Howard, Prestonsburg, Ky., J. Henry Francis, Jr., Charleston, W. Va., for appellants.

Perry W. Morton, Roger P. Marquis, John C. Harrington and Reginald W. Barnes, Washington, D. C., Edwin R. Denney, Kit C. Elswick, Lexington, Ky., for appellee.

Before SIMONS, Chief Judge, and ALLEN and MARTIN, Circuit Judges.

PER CURIAM.

This condemnation action brought by the United States involves on this appeal only the mineral rights in 327.39 acres of land in a mountain section of Kentucky, together with the severance value of mineral interests in remaining lands owned by the appellants, and does not involve the surface value of the lands.

Upon the conclusion of all the evidence offered by both the government and the appellants, the district court awarded $15 per acre as the fair market value of the mineral interests taken and denied all claims for severance damages to the mineral interests owned by appellants in the remainder of the tracts not taken.

Upon analysis, we think that only fact issues were presented for decision in the district court, and here. The district judge rendered a comprehensive oral opinion, the transcript of which was ordered to constitute his findings of fact and conclusions of law. The court stressed the fact that the C. & O. R. R. Company, in 1944, after making an investigation of the potential value of the coal lands, apparently abandoned forever any idea of running a railroad up there, at a cost of several million dollars, to haul out the coal in controversy. Directing attention to the fact that the government's proof has shown the mineral rights taken to be worth $10 an acre, or less, the judge stated that the appellants had wholly failed to establish the

**918**

value of the coal on a fair market basis as higher than $15 per acre. He asserted that sales of other property in the vicinity and the potential value of the mineral rights had been taken into consideration in reaching his conclusion.

Applying the same principles upon which its valuation of the mineral rights of the land mentioned had been reached, the court held that the coal underlying the severed lands had not been proven to be of sufficient consequence to cause a railroad to be built to get the coal out, and that the lands could not be mined economically by the use of trucks so as to give the minerals extracted from the severed lands any commercial value. Therefore, no severance damages were allowed.

Considering the evidence in the case as a whole, we are unable to conclude that the findings of the district court, which are supported by some substantial evidence, were clearly erroneous as to the value of the mineral rights taken and the lack of any value in the severed mineral rights. Accordingly, its judgment is affirmed; and it is so ordered.